The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Marilyn BERGER–LEVY,
Defendant-Appellant.

No. 82CA0451.

Colorado Court of Appeals,
Div. II.

July 7, 1983.

Rehearing Denied Aug. 4, 1983.

Dale Tooley, Dist. Atty., Brooke Wunnicke, Stanley Garnett, Denver, for plaintiff-appellee.

Worstell & Wyatt, David L. Worstell, Neal Dunning, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Marilyn Berger-Levy, appeals her convictions on five counts in a nine count information based generally on her participation in the use of stolen credit cards at her place of employment. We affirm.

The primary grounds advanced by the defendant on appeal are (1) that the admission of summary evidence regarding the percentage of purchases made with lost or stolen credit devices was erroneous, (2) that an alleged admission against interest made by the defendant outside of the time alleged in the conspiracy charge should not have been admitted, and (3) that the evidence was insufficient to sustain a conviction.

I

The People presented testimony describing the manner in which records of credit card transactions were kept generally, and testimony as to a deposit statement which reflected all of defendant's employer's credit card transactions, including verified lost and stolen card transactions, during the pertinent period. The fraud investigator for the association responsible for processing merchants' credit applications, was asked what percentage of charges

made at her employer's business during the critical period were made on reported stolen or lost cards. Defendant objected on the basis that the reports of lost or stolen credit cards solicited and kept by the association were hearsay and that the supporting documents were not in evidence.

The trial court properly concluded that the background material used by the witness in making his percentage calculation was admissible pursuant to CRE 803(6) concerning records of regularly conducted activities, and that these records had been made available to defendant in accordance with CRE 1006. Thus, even though the underlying materials were not admitted into evidence, defendant suffered no prejudice. *State v. Smyth*, 556 F.2d 1179 (5th Cir.1977), *cert. denied*, 434 U.S. 862, 98 S.Ct. 190, 54 L.Ed.2d 135 (1977).

## II

■ A witness for the People testified that defendant asked him not to sign the credit card slips when he brought in stolen credit cards because he "wrote too big and too funny." Since the statement was made prior to the acts of the conspiracy charged in the subject information, defendant contends that the statement is inadmissible. We disagree.

In the first instance, it is a statement offered against the defendant as her own statement made in her individual capacity, and thus, it is not hearsay. CRE 801(d)(2)(A). And, from the plain language of the statement, it is reasonably certain that it was made in conjunction with, and in furtherance of, an overall conspiracy of which the one charged here is an integral part. *See Krulewitch v. U.S.*, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949).

## III

■ Defendant next contends that the evidence was insufficient to support the verdicts of the jury. We disagree. The evidence in the record here amply meets the required test for sufficiency. *People v. Hodges*, 624 P.2d 1308 (Colo.1981).

Defendant's other contentions of error are without merit.

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.